## 33201. POLK et al. v. SHEROD.

HALL, Justice.

Appellee sued to reform a deed granting appellants all of appellee's interest in a security deed and note. The deed in question was given contemporaneously with, and as a part of, a settlement of a prior suit. The trial court construed the settlement and deed, and concluded that the intention of the parties was for appellee to convey 47.41 percent of her interest, rather than all of it, and reformation was ordered.

1. Appellee's motion to dismiss the appeal is denied.

2. Appellants' enumeration of error regarding the denial of a jury trial is deemed abandoned under Rule 18 (c) (2).

3. The remainder of appellants' enumerations of error amount to a challenge to the sufficiency of the evidence of mutual mistake, and of the actual intention of the parties. Code § 37-215; *Crim v. Alston,* 169 Ga. 852 (151 SE 807) (1930). We need not consider the parol evidence in this case, for the intention of the parties and the existence of a mutual mistake is clear from the terms of the settlement agreement and deed. The deed purports to convey all interest in the security deed, and then goes on to state that appellee "specifically conveys all of its [sic] interest in the real estate conveyed thereby but limited to the terms of said Compromise and Settlement . . ." A proper construct of the compromise and settlement shows that the intention of the parties, as manifested by the contract, was that only 47.41 percent of appellee's interest in the security deed and note be transferred. Because the deed conveys all interest "limited to the terms" of the settlement agreement, the earlier grant in the deed of all interest must have been a mistake. That the mistake was mutual is proven by the assent of all parties to the settlement. The decree of reformation was proper. *Gibson v. Alford,* 161 Ga. 672 (132 SE 442) (1925).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 20, 1978 — DECIDED FEBRUARY 7, 1978.

*Reuben A. Garland, Jr.,* for appellants.
*E. A. Crudup,* for appellee.